UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENG PETER MAKUEY,<br><br>                Petitioner,<br>     v.<br><br>BRUCE SCOTT et al.,<br><br>                Respondents. | CASE NO. 2:25-cv-02135-DGE-BAT<br><br>ORDER ON PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER (DKT. NO. 2) |

Petitioner filed a Petition for writ of habeas corpus. (Dkt. No. 1.) Petitioner also filed a motion for a Temporary Restraining order ("TRO") wherein Petitioner seeks to restrain the Respondents (1) from removing Petitioner from the United States and (2) from transferring the Petitioner from the Northwest Immigration and Customs Enforcement ("ICE") Processing Center during the pendency of these habeas proceedings. (Dkt. No. 2.) Petitioner alleges he has been in ICE detention since July 14, 2025. (*Id*. at 2; *see also* Dkt. No. 1 at 2.)

Petitioner asserts "the administration is developing a pattern of removing individuals from the United States without providing proper process and without allowing them access to

ORDER ON PETITIONER'S - 1

federal review, sometimes to third countries where the individual has no ties and which have atrocious human rights records." (*Id*. at 6–7.)  The Court takes judicial notice that a July 9, 2025 memorandum distributed to all ICE employees identifies a policy wherein ICE may serve a notice of removal informing a detainee of third country removal; thereafter, the individual can be removed within 24 hours of receipt of the notice and possibly as early as six hours after notice based on "exigent circumstances."  *Nguyen v. Scott, et al.*, Case No. 2:25-cv-01398-TMC, Dkt. No. 45 at 35 (citing Dkt. No. 2-3).

It is unclear from the docket whether Petitioner has served the Petition and the motion for TRO on the Respondents.  However, the docket appears to indicate notice of these proceedings has been sent to Respondents via the "US Attorney Habeas" email at usawaw.Habeas@usdoj.gov.

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo.  *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.").

Accordingly, the Court orders as follows:

1. Petitioner's motion for temporary restraining order (Dkt. No. 2) is provisionally GRANTED pending Respondents' response to the motion for the purpose of maintaining the status quo while the Court reviews the merits of the motion.
2. Respondents ARE PROHIBITED from removing Petitioner from the United States or this jurisdiction—i.e., the Western District of Washington—without further order from this Court prior to the Court issuing a decision on the merits of the motion for a TRO.

3. Petitioner's counsel SHALL immediately serve process and a copy of this Order on Respondents.  Petitioner's counsel SHALL immediately contact Respondents' counsel to provide a copy of this Order and to meet and confer on (1) a briefing schedule for the motion for TRO and (2) whether the government will agree to a stipulated order to not remove Petitioner from the United States and to not transfer Petitioner to another facility during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case.  If the Parties cannot reach agreement on a briefing schedule, then Respondents SHALL respond to the motion for TRO on the schedule set by Local Civil Rule 65 once service is accomplished.

5. The Parties SHALL contact the courtroom deputy by email if they wish to schedule oral argument on the motion for TRO.

Dated this 29th day of October, 2025.

David G. Estudillo
United States District Judge

2) - 3